[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
 I INTRODUCTION AND FACTUAL BACKGROUND
The plaintiff, Elizabeth Trottier, filed this against the defendants, Eastside Garage, Inc., as owner, and David Hockenberry, as agent, alleging that Hockenberry both negligently and recklessly collided into the rear of the plaintiffs stationary vehicle. The plaintiff claims double or treble damages pursuant to General Statutes § 14-295.[1]
The defendant Eastside seeks to strike that portion of the reckless count which is directed to the owner making it vicariously liable for the actions of its employee.
 II DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 383 n. 2, 650 A.2d 153 (1994); see also Ferrymanv. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co.,242 Conn. 375, 378, 698 A.2d 859 (1997).
Eastside argues that Connecticut has long held that there is no CT Page 7459 vicarious liability at common law for punitive or exemplary damages.Maisenbacker v. Society Concordia, 71 Conn. 369, 379, 42 A. 67 (1899); see also Gionfriddo v. Avis Rent A Car System, Inc., 192 Conn. 280, 288,472 A.2d 306 (1984). While true, the issue here is different; it concerns whether the common law rule against imposing vicarious liability for punitive damages is abrogated by § 14-295.
"Under Connecticut common law, the terms `exemplary damages' and `punitive damages' are interchangeable labels for damages awarded under certain circumstances to compensate a plaintiff for his expenses of litigation. . . . It is well settled, however, that statutory multiple damages awarded pursuant to § 14-295, while serving a similar punitive purpose . . . are separate and distinct from common law punitive damages and are awarded in addition thereto in appropriate cases." (Citations omitted.) Caulfield v. Amica Mutual Ins. Co., 31 Conn. App. 781,786 n. 3, 627 A.2d 466, cert. denied, 227 Conn. 913, 632 A.2d 688
(1993).
"[T]here is a split of authority as to whether a plaintiff may recover multiple damages from a defendant owner who is alleged to be vicariously liable for an operator's reckless conduct pursuant to . . . [§]14-295." Bostick v. Dvornek, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 383575 (December 13, 2001,Gallagher, J.). Some Superior Court judges have held that a nonoperator owner may be held vicariously liable for multiple damages under §14-295 for reckless conduct of the operator, see Matthiessen v. Vanech, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 154373 (July 9, 2001, Adams, J.) (punitive damages and exemplary damages may be assessed pursuant to § 14-295 against one held liable as principal); Santillo v. Arredono, Superior Court, judicial district of New Haven, Docket No. 442323 (March 21, 2001, Blue, J.) (2001 Ct. Sup. 3874) (agency statute affords appropriate basis for assessment of multiple damages pursuant to § 14-295 against owners of vehicles);Jennings v. Vega, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 174082 (November 20, 2000, D'Andrea, J.) (29 Conn.L.Rptr. 87) (allowing double or treble damages permissible against operator's employer when damages properly assessed against operator).
Others have denied such relief. See Metzger v. Correia, Superior Court, judicial district of New London at New London, Docket No. 553479 (June 28, 2000, Dyer, J.) (finding no legislative intent in § 14-295
to impute to owner employer same liability as driver); Mann v.Plaskawicki, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 313690 (December 8, 1994, Maiocco, J.) (13 Conn.L.Rptr. 174) (holding owner employer not vicariously liable for multiple damages under § 14-295 for injuries caused by employee CT Page 7460 operator).
In Gionfriddo v. Avis Rent A Car System, Inc., supra, 192 Conn. 283-90, the court held that the defendant owner-lessor of a motor vehicle was properly held liable for treble damages awarded under § 14-295 as a result of the defendant operator-lessee's reckless operation of the vehicle. Applicable in that case was General Statutes § 14-154a, which provides that any vehicle owner "renting or leasing [the vehicle] to another . . . shall be liable for any damage to any person or property caused by the operation of such motor vehicle . . . to the same extentas the operator would have been liable if he had also been the owner." (Emphasis added.) Because of this explicit language, the court concluded that "the damages recoverable under § 14-154a include treble damages, whenever treble damages are properly assessed against the operator." Id., 285. In the present case, there are no allegations that Eastside rented or leased the vehicle to Hockenberry; however, many of the Superior Court decisions allowing double or treble damages under similar circumstances as the present either find the Gionfriddo reasoning sufficiently analogous or rely on the Gionfriddo court's statement in dicta that "[w]e have been able to discern no reason of policy . . . to distinguish between the liability of owners and of lessors." Id., 288 n. 4. Those Superior Court cases that do not allow multiple damages; however, distinguish Gionfriddo on the basis that, unlike § 14-154a, General Statutes § 52-183[2] contains no language holding owners liable "to the same extent as" operators.
This court adopts the reasoning of the line of cases holding that General Statutes § 52-183 and § 14-295 provide an appropriate basis for the assessment of multiple damages against the owner for the action of its employee. As noted by Judge Blue in Santillo v. Arredono, supra, "[t]he agency statute . . . facially applies to `any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle.' Damages for the reckless operation of a motor vehicle are the classic type of damages subject to the multiplier effect of § 14-295. The legislative reference to damages for recklessness in § 52-183 can reasonably be read as encompassing double or treble damages imposed under § 14-295. Gionfriddo's observation that there is no policy distinction between the liability of owners and of lessors, 192 Conn. at 288 n. 4, emphasizes that damages of this description can be visited on owners under an appropriate statute without violating the policy underlying Connecticut law." This court agrees and accordingly, Eastside's motion to strike count two is denied.
___________________ Berger, J. CT Page 7461